# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Joe N. Blanding, | ) |
|                 Plaintiff, | ) Civil Action No.: 9:17-cv-02747-JMC |
| v. | ) ORDER |
| Commissioner of Social Security Administration, | ) |
|                 Defendant. | ) |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on July 24, 2018 (ECF No. 23). The Report addresses Plaintiff Joe N. Blanding's ("Plaintiff") claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") and recommends that the court affirm the decision of the Commissioner of Social Security Administration ("the Commissioner"). (ECF No. 23 at 1, 10.) For the reasons stated herein, the court **ACCEPTS** the Report and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 23.) As brief background, Plaintiff filed an application for DIB and SSI on April 21, 2014, and his application was denied initially and upon reconsideration. (*Id.* at 1.) After a hearing was held on August 28, 2016, an administrative law judge ("ALJ") determined, on October 20, 2016, that Plaintiff became disabled on July 1, 2014, entitling him to benefits, but was not disabled prior to July 1, 2014. (*Id.* at 1-2; ECF No. 10-2 at 33.) More specifically, the ALJ found that Plaintiff had the residual functional capacity ("RFC"), beginning on July 1, 2014, to perform the full range of light work as defined in 20 C.F.R. §§

404.1567(b) and 416.967(b). (ECF No. 10-2 at 31.) However, *prior* to July 1, 2014, the ALJ concluded that Plaintiff "did not have an impairment or combination of impairments that significantly limited . . . [his] ability to perform basic work-related activities for [twelve] consecutive months." (*Id.* at 28, 30.) Thus, in regard to benefits *before* July 1, 2014, the ALJ denied disability benefits to Plaintiff because he was not disabled, for purposes of the Social Security Act ("the Act"), until July 1, 2014. (*See* ECF No. 10-2 at 32-33.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on August 7, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on October 11, 2017. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that there was substantial evidence to support the Commissioner's decision. (ECF No. 23 at 10.) Specifically, the Report noted that the ALJ "did not . . . conduct[] an improper analysis of Plaintiff's onset date, or that the decision otherwise reflects a failure to properly consider the record and evidence in this case." (*Id.* at 9.) On this basis, the Report ultimately recommended that the court affirm the decision of the Commissioner. (*Id.* at 10.)

The parties were apprised of their opportunity to file specific objections to the Report on July 24, 2018. (*Id.* at 11.) On August 7, 2018, Plaintiff filed his Objection to the Report and argued that the ALJ failed to "explain how [he] was able to perform medium work on June 30, 2014[,] and was restricted to light work on July 1, 2014 . . . ." (ECF No. 25 at 5.) In the Objection, Plaintiff

also alleged that the ALJ failed to consider his inability to pay for medical treatment. (*Id.*) In light of those objections, Plaintiff urges the court to remand the case for further administrative proceedings. (*Id.*) On August 21, 2018, the Commissioner replied to Plaintiff's Objection. (ECF No. 26.) The Commissioner maintains that Plaintiff's Objection raises the same issues before the Magistrate Judge. (ECF No. 26 at 1.) Moreover, in lieu of substantively responding to Plaintiff's Objection, the Commissioner asks the court to reexamine her Memorandum in Support of the Commissioner's Decision (ECF No. 21). (*Id.*) The Commissioner requests the court to accept the Magistrate Judge's Report and affirm her decision. (*Id.* at 2.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th

3

Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff presents two objections to the Magistrate Judge's Report. (ECF No. 25.) First, Plaintiff argues, for a second time, that the ALJ erroneously determined that he was capable of doing medium work prior to July 1, 2014, and that this decision was an arbitrary finding without a proper explanation. (*Id*. at 1-3.) Second, Plaintiff maintains that neither the ALJ nor the Report considered his inability to pay for medical treatment prior to July 1, 2014. (*Id.* at 3-5.) The court will address each objection in turn.

**1. <u>The Disability Determination Prior to July 1, 2014</u>**

Plaintiff first objects to the Report by arguing that the ALJ failed "to explain how [he] was able to perform medium work on June 30, 2014[,] and was restricted to light work on July 1, 2014." (*Id.* at 1-3, 5.) This argument is identical to one made in Plaintiff's Brief. (*Compare* ECF No. 25, *with* ECF No. 18.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than

state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 18), Plaintiff's Objection (ECF No. 25), and the Report (ECF No. 23). After examining all of the pleadings, the court concludes that Plaintiff's Objection restates arguments that were addressed by the Report. (*Compare* ECF No. 25 at 1-3, *with* ECF No. 23 at 3-10.) Moreover, Plaintiff's Objection, as it relates to this first issue, largely mirrors his Brief considered by the Report. (*Compare* ECF No. 25, *with* ECF No. 18.) As such, a *de novo* review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). This court declines to hear rehashed arguments from Plaintiff. *Orpiano*, 687 F.2d at 47. The court finds that the Report adequately addresses Plaintiff's Objection and is well-reasoned. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result").

**2. Consideration of Plaintiff's Inability to Pay**

In Plaintiff's Objection, he also alleges that "neither the ALJ nor the Magistrate Judge consider[ed] [his] inability to pay for medical attention." (ECF No. 25 at 3-5.) During the

administrative hearing, Plaintiff submits he "stated that he was refused services by doctors." (*Id.* at 3.) Plaintiff cites to SSR 16-3p in support of this objection to the Report. (*Id.* at 3-4.)

Generally, when analyzing an individual's treatment history, the Commissioner is allowed to ask a claimant about the lack of treatment at an administrative hearing. *See* SSR 16-3p, 2017 WL 5180304, at *9 (Oct. 25, 2017).[1] During this examination, the Commissioner is permitted to consider, among numerous other factors, whether "[a]n individual may not be able to afford treatment and may not have access to free or low-cost medical services." *Id.* at *9-10. Additionally, when analyzing the reasons an individual did not seek medical treatment, the Commissioner "*will consider and address reasons* for not pursuing treatment *that are pertinent* to an individual's case." *Id.* (emphasis added).

Plaintiff grossly mischaracterizes the nature of the discussion between himself and the ALJ as it relates to his medical treatment. (*Compare* ECF No. 25 at 3, *with* ECF No. 10-2 at 47-48.) Upon a closer examination, the ALJ was concerned about not having Plaintiff's medical records. (ECF No. 10-2 at 47.) During this discussion, Plaintiff's counsel stated that a healthcare provider refused to furnish Plaintiff with his own medical records. (*Id.*) According to Plaintiff's counsel, the provider withheld Plaintiff's medical records because he does not have health insurance. (*Id.*) After noting this assertion by counsel, the ALJ advised that he would confer with the other administrative law judges concerning this issue. (*Id.* at 47-48.) As such, this discussion does not concern whether Plaintiff can afford medical services, but is instead about Plaintiff's access to medical records. (*Id.*) Plaintiff's brazen mischaracterization of the discussion does not invoke SSR

---

[1] Plaintiff cites to SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). (ECF No. 25 at 3-5.) However, SSR 16-3p was republished on October 25, 2017, and the court will cite to the republished document in the instant case because the section regarding medical treatment did not change in any significant respect. *Compare* SSR 16-3p, 2016 WL 1119029, at *8-9 (Mar. 16, 2016), *with* SSR 16-3p, 2017 WL 5180304, at *9-10 (Oct. 25, 2017).

16-3p because the pertinent section of SSR 16-3p is concerned with medical treatment and does not mention access to medical records. *See* SSR 16-3p, 2017 WL 5180304, at *9-10 (Oct. 25, 2017). As such, Plaintiff's second objection, at best, lacks legal merit and is unfounded based upon the record and SSR 16-3p. Therefore, the court rejects this objection, and remand is not warranted on this ground.

## IV. CONCLUSION

After a thorough review of Plaintiff's Objection (ECF No. 25) and the Magistrate Judge's Report and Recommendation (ECF No. 23), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 23) and **AFFIRMS** the decision of the Commissioner of Social Security Administration.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 4, 2018
Columbia, South Carolina